IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2002

## GREGORY HEDGES v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Circuit Court for Davidson County**
**No. 00C-3571      Barbara N. Haynes, Judge**

---

**No. M2002-00140-COA-R3-CV - Filed December 31, 2002**

---

PATRICIA J. COTTRELL, J., concurring.

## OPINION

I concur with the result and the reasoning of the majority opinion and write separately merely to add that even under a liberty interest analysis I would hold that Mr. Hedges has stated a claim for relief. A majority of this court has previously opined that a prisoner alleging that a disciplinary board did not follow procedural policies related to disciplinary proceedings failed to state a claim for relief under state law governing common law writ of certiorari. *Willis v. Tennessee Dep't. of Corr.*, No. M2000-01397-COA-R3-CV, 2002 Tenn. App. LEXIS 389, at *11-*12 (Tenn. Ct. App. June 5, 2002) *perm. to app. granted* (Tenn. Dec. 9, 2002); *Ahkeen v. Campbell*, No. M2000-02411-COA-R3-CV, 2001 Tenn. App. LEXIS 815, at *22 (Tenn. Ct. App. Nov. 2, 2001) (no Tenn. R. App. P. 11 application filed). However, the conclusion in both these cases was based upon a finding that deviation from procedures created by departmental policy did not rise to a "failure to proceed according to the essential requirements of the law," the test for illegality under the common law writ of certiorari. Punishment without a finding that a disciplinary violation has occurred does, however, constitute a failure to follow the essential requirements of the law. Therefore, even if *Sandin v. Conner* were held to apply to property interests as well as liberty interests, I would hold that Mr. Hedges has stated a claim for relief under state law.

_____
PATRICIA J. COTTRELL, JUDGE